### GUSTAVUS PERKINS *v.* HENRY W. WALKER.

A written motion to dismiss a suit, alledging that there is no sufficient minute of a recognizance upon the writ, will be considered as making a reference to the writ, although it is not so expressed in terms; hence a demurrer to such motion will not be held to admit the truth of the allegation, when it is apparent upon the writ that there was a sufficient minute of a recognizance.

Where the minute was, "Needham & Dennis recognized," &c., it was held that the court would not presume that they were partners, and that the omission of the christian names of the recognizors was an unessential defect.

But, if it were assmued in such case that the recognizors were partners, the court will not presume that the recognizance was a partnership transaction, given by one in the name of both;—and, without this presumption, the union of their names would only furnish better evidence to designate the individuals recognized.

THE defendant filed a motion in the county court to dismiss this suit, alledging that " there was no sufficient security given to the defendant, by way of recognizance," that the plaintiff should prosecute his suit to effect, &c., and that no minute of any recognizance, with the name of the surety, &c., was made upon the plaintiff's writ at the time of signing the same. The minute of the recognizance, put upon the writ at the time it was signed by the magistrate issuing it, was in these words,—"*Needham & Dennis* recognized to the defendant in the sum of sixty dollars," &c.

The county court dismissed the action, to which the plaintiff excepted.

Perkins *v.* Walker.

*Linsley* and *Barber* for plaintiff.

The only question in this case is, whether a firm can be recognized for costs in the partnership name,—or in other words, is such a recognizance obligatory. It is not pretended but that, in this case, the recognizance was the joint act of the co-partners, and there is no reason why partners cannot, as such, enter into a recognizance, as well as into any bond, or other writing obligatory. When both partners consent, they may make any contract in the partnership name, that either could make for himself.

But if there were any difficulty of this sort, then the partnership name should be treated as descriptive only of the persons, and they should be holden on their bond of recognizance.

There is no evidence that this is a partnership name, and that, perhaps, is a sufficient answer for such an objection.

*Briggs* and *Prout* for defendant.

The demurrer admits the truth of the facts set forth in the defendant's motion. The matter set forth therein is, that there is no sufficient security given to the defendant by way of recognizance, and if the fact is admitted by the demurrer, then the provision of the statute is, that the writ on motion shall abate. Rev. Stat. 179.

The evidence to be given to the defendant, that sufficient security is given him, is the minute of the recognizance to be entered upon the writ. But if we examine the writ to ascertain the fact whether the recognizance was entered, the recognizance is insufficient. There is no name of the surety entered. "Needham & Dennis" purports to be a partnership name. The name to be put into the minute of recognizance should be such as to give a remedy to the defendant, and should contain the christian as well as the sirname.

Two persons might enter into the recognizance, but it should not be as partners; and "Needham," without any other designation, would not name the person.

One partner would not have authority to use the partnership name for a recognizance; and, if a partnership name is used, it is to be treated as used in the manner that a partnership name is ordinarily used, by one of the partners for himself and his co-partner.

31

Perkins v. Walker.

The opinion of the court was delivered by

ROYCE, J. The motion to have the writ abated was met in the county court by a parol demurrer. And, as the motion does not profess to bring the writ before the court by any express reference to it, it is contended that the demurrer has admitted the truth of the allegations contained in the motion, without regard to what may appear upon the writ itself. But, however this might be in the case of a formal plea in abatement, we think that upon this motion the process is tacitly referred to. The language of the motion is therefore taken to mean, that upon the face of the original proceeding no legal and sufficient recognizance appears to have been taken.

The question, then, is upon the sufficiency of the minute of the recognizance made and signed by the magistrate upon the writ. And here the only objection is, that the names of the persons recognized do not sufficiently appear. It is urged, that the names inserted in the minute must be understood to constitute the name of some partnership firm, and not to express the names of individual persons. But this is more than the court ought judicially to infer from the minute alone. The import is, that two persons, of the names of Needham and Dennis, became duly recognized before the magistrate. And although it be presumed that those persons had christian names, which are here omitted, it does not follow, as we think, that the writ should be abated. That clause in the statute, which visits this severe consequence upon the plaintiff in a suit, should evidently be limited to cases where the entire minute of recognizance, or some essential part of it, is wholly omitted. The name of the person recognized is, to be sure, an essential part of the minute; but in this instance it is not wholly omitted. Enough is given, not only to apprise the defendant that security for his cost has been taken, but to enable him with little or no trouble to ascertain the individuals recognized. Should an amendment of the minute in this particular be deemed important, I should have little doubt that the magistrate should be permitted to make it. An addition of the christian names would effect no change in the minute as to persons or subject matter; and that addition must of course take place, when a record of the recognizance is drawn up in form.

If we assume that Needham and Dennis were indeed partners at the time of entering into the recognizance, that fact can be of no

avail in support of the motion. We cannot presume that the recognizance was regarded as a mere partnership transaction, and given by one partner in the name of both; and without this presumption the union of their names, according to the partnership style, does but furnish the better evidence to designate the individuals recognized.

Judgment reversed, and the cause remanded.